Nicol Hajjar, Esq. (303102)
nicol.hajjar@wilshirelawfirm.com
Kristen Tojo, Esq. (310464)
kristen.tojo@wilshirelawfirm.com
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Tel: (213) 381-9988
Fax: (213) 381-9989

Attorneys for Plaintiff,
MARIBEL HERNANDEZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARIBEL HERNANDEZ, an individual,

Plaintiff.

v.

KOHL'S, INC., a Delaware corporation; MAYRA BRAVO, an individual; and DOES, 1 through 20 inclusive,

Defendants.

Case No. 5:25-cv-00813-KK-DTB

**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**

1. **DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF GOV'T CODE §12940 ET SEQ.;**
2. **DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF GOV'T CODE §12940 ET SEQ.;**
3. **HARASSMENT IN VIOLATION OF GOV'T CODE §12940 ET SEQ.;**
4. **RETALIATION IN VIOLATION OF GOV'T CODE §12940 ET SEQ.;**
5. **FAILURE TO PREVENT DISCRIMINATION,**

**HARASSMENT, AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**

6. **RETALIATION AND/OR UNLAWFUL DENIAL OF LEAVE IN VIOLATION OF CFRA GOV'T CODE §12945.2 ET SEQ.;**
7. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §12940 ET SEQ.;**
8. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §12940 ET SEQ.;**
9. **CALIFORNIA PREGNANCY DISABILITY LEAVE LAW IN VIOLATION OF GOV'T CODE §12945;**
10. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**

**[DEMAND FOR JURY TRIAL]**

**COMES NOW Plaintiff,** MARIBEL HERNANDEZ**,** and for causes of action against the Defendants and each of them, alleges as follows:

**JURISDICTION**

1. This action was removed by Defendants to this Court on April 2, 2025. Defendant's removal of this matter is the basis for this Court's current jurisdiction. This

action was properly and initially filed in San Bernardino County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within San Bernardino County, and because the work that is the subject of this action was performed by Plaintiff in San Bernardino County.

## THE PARTIES

2. PLAINTIFF, MARIBEL HERNANDEZ (hereinafter referred to as "PLAINTIFF"), is and at all times relevant hereto was a resident of the County of San Bernardino, State of California.

3. PLAINTIFF is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant KOHL'S, INC. (hereinafter referred to as "KOHL'S" or "Employer") was and is doing business in San Bernardino County, State of California.

4. PLAINTIFF is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant MAYRA BRAVO (hereinafter referred to as "BRAVO") was and/or is an employee for KOHL'S in San Bernardino County, State of California and a citizen of California.

5. KOHL'S and BRAVO are hereinafter collectively referred to as "Defendants."

6. PLAINTIFF is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employer owned and operated department store retail chain.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendant(s) named herein as DOES 1 through 20, inclusive, are unknown to Plaintiff at this time and therefore said Defendant(s) are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendant(s) when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendant(s) is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

8. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant(s), and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employer(s), alter egos, successors, and/or joint ventures of the other Defendant(s), and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendant(s).

9. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendant(s) named as DOES 1 through 20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts

alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendant(s) named as DOES 1 through 20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

10. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

11. Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and wrongful termination under Government Code §12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH") and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## FACTUAL ALLEGATIONS

12. In or around November 2019, KOHL'S hired PLAINTIFF. PLAINTIFF performed her job duties satisfactorily until her wrongful termination on or about

January 23, 2024.

13. In or around August 2023, PLAINTIFF learned she was pregnant.

14. In or around September 2023, PLAINTIFF notified KOHL'S of her pregnancy by providing medical documentation to KOHL'S. KOHL'S failed to provide reasonable accommodation nor engage in an interactive process.

15. On or about November 6, 2023, PLAINTIFF received an updated doctor's note providing further work restrictions for the safety of her and her baby. PLAINTIFF promptly provided the updated work restrictions to KOHL'S. KOHL'S continued to fail to provide reasonable accommodation nor engage in an interactive process.

16. In or around November 2023, Plaintiff's supervisor, MAYRA, placed PLAINTIFF in departments with heavy lifting in direct violation of her medical restrictions including requiring her to lift over 50 pounds while pregnant, a significant risk to PLAINTIFF and her baby. KOHL'S continued to fail to provide reasonable accommodation nor engage in an interactive process.

17. In or around November 2023, PLAINTIFF requested a parking spot to reduce the distance she had to walk due to her pregnancy. KOHL'S refused to provide PLAINTIFF a parking spot and continued to fail to provide reasonable accommodation nor engage in an interactive process.

18. Finally, KOHL'S transferred PLAINTIFF to a department where her job duties included training new hires and lifting lighter items.

19. After a few weeks, PLAINTIFF was reassigned to departments with heavy lifting in violation of her updated work restrictions. PLAINTIFF reminded her supervisors, including MAYRA, of her work restrictions however DEFENDANTS continued to require PLAINTIFF to work in departments in violation of her work restrictions. KOHL'S continued to fail to provide reasonable accommodation nor engage in an interactive process.

20. On or about December 8, 2023, a coworker hit PLAINTIFF's pregnant stomach with a cart. PLAINTIFF wrote down the details of the incident for KOHL'S and went to the emergency room because of her high risk pregnancy.

21. PLAINTIFF was placed off work from December 15, 2023 through December 26, 2023, due to pregnancy related disabilities. PLAINTIFF provided the doctor's note to KOHL'S.

22. PLAINTIFF returned to work in or around early January 2024. KOHL'S assigned PLAINTIFF to a department with very heavy items in blatant violation of her work restrictions. KOHL'S continued to place both PLAINTIFF and her baby's health at significant risk. KOHL'S continued to fail to provide reasonable accommodation nor engage in an interactive process.

23. PLAINTIFF constantly requested KOHL'S and MAYRA to switch her to a role that accommodated her work restrictions, but they continued to fail to provide reasonable accommodation nor engage in an interactive process.

24. MAYRA became angry and annoyed about PLAINTIFF'S requests for accommodations and a good faith interactive process due to her pregnancy/disability. MAYRA began to place PLAINTIFF in the heaviest departments when PLAINTIFF requested to be placed on lighter duty due to her pregnancy. PLAINTIFF noticed a trend that she was placed in the heaviest departments while MAYRA was on duty. MAYRA began to ask PLAINTIFF what gender her baby was while assigning her to work duties in blatant violation of her work restrictions. PLAINTIFF believed MAYRA was targeting her due to her sex/gender/pregnancy. PLAINTIFF believed MAYRA harassed PLAINTIFF in this manner due to MAYRA's own personal gratification, meanness, bigotry, or her own personal motives. MAYRA harassed PLAINTIFF based on her sex/gender/pregnancy. PLAINTIFF began to experience significant emotional distress due to DEFENDANTS harassing PLAINTIFF and creating a hostile environment based on PLAINTIFF's sex/gender/pregnancy.

25. On or about January 23, 2024, KOHL'S wrongfully accused PLAINTIFF of going over her allotted "Unexpected Absence" hours ("UA hours") despite PLAINTIFF having multiple absences due to her pregnancy related disabilities that were approved by managers, including MAYRA. On the same day, PLAINTIFF called HR to inform KOHL's they made an error regarding her UA hours and she was out due to pregnancy/disability. KOHL's acknowledged and dismissed PLAINTIFF.

26. Despite this, on or about January 25, 2024, KOHL'S fraudulently claimed

PLAINTIFF voluntary separated her employment. KOHL'S wrongfully terminated PLAINTIFF. At the time of PLAINTIFF's wrongful termination, her pregnancy/disability work restrictions were violated on a nearly daily basis by KOHL'S and MAYRA. KOHL'S and MAYRA continued to create a hostile work environment based on PLAINTIFF'S sex/gender/pregnancy up until she was wrongfully terminated for a fraudulent pretextual reason.

27. KOHL'S failed to engage in a good faith interactive process and failed to provide reasonable accommodations for PLAINTIFF. KOHL'S discriminated against PLAINTIFF due to her pregnancy, disability, and gender/sex. KOHL'S retaliated against PLAINTIFF for engaging in several protected activities as described above. KOHL'S failed to provide PLAINTIFF with California Pregnancy Disability Leave. KOHL'S wrongfully terminated PLAINTIFF against public policy.

28. PLAINTIFF'S coworkers corroborated they had more negative UA hours than PLAINTIFF when she was wrongfully terminated, yet PLAINTIFF'S coworkers were not terminated for UA hours/attendance.

29. KOHL'S' conduct described herein was undertaken, authorized, and/or ratified KOHL'S' officers, directors and/or managing agents, including, but not limited to BRAVO and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for KOHL'S. The aforementioned conduct of said managing agents and individuals was therefore

undertaken on behalf of KOHL'S who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

30. As a result of Defendants actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

31. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

32. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

33. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendant, in sums in excess of the jurisdictional minimum of this Court.

///

///

///

**FIRST CAUSE OF ACTION**

**FOR DISCRIMINATION ON THE BASIS OF DISABILITY**

**IN VIOLATION OF GOV'T CODE §12940 ET SEQ.**

*[Against KOHL'S, INC. and DOES 1 through 20 inclusive]*

34. At all times hereto, the FEHA was in full force and effect and was binding upon Defendant(s) and each of them.

35. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

36. FEHA requires Defendant(s) to refrain from discriminating against an employee on the basis of pregnancy/disability and to prevent from discrimination, harassment, and retaliation occurring on the same bases.

37. Plaintiff was a member of multiple protected classes as a result of Plaintiff's pregnancy/disability.

38. At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendant(s).

39. Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

40. Plaintiff is informed and believes that Plaintiff's pregnancy/disability, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

41. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

42. The damage allegations of Paragraphs 29 through 33, inclusive, are herein incorporated by reference.

43. The foregoing conduct of Defendant individually, or by and through their officers, directors and/or managing agents, was intended by the Defendant to cause injury to the Plaintiff or was despicable conduct carried on by the Defendant with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant.

44. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SECOND CAUSE OF ACTION**

**FOR DISCRIMINATION ON THE BASIS OF GENDER**

**IN VIOLATION OF GOV'T CODE §12940 ET SEQ.**

*[Against KOHL'S, INC. and DOES 1 through 20 inclusive]*

45. At all times hereto, the FEHA was in full force and effect and was binding upon Defendant(s) and each of them.

46. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

47. FEHA requires Defendant(s) to refrain from discriminating against an employee on the basis of gender, and to prevent from occurring discrimination, harassment, and retaliation on the same bases.

48. Plaintiff was a member of multiple protected classes as a result of Plaintiff's gender/sex.

49. At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendant(s).

50. Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

51. Plaintiff is informed and believes that Plaintiff's gender/sex, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the

aforementioned adverse employment actions.

52. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

53. The damage allegations of Paragraphs 29 through 33, inclusive, are herein incorporated by reference.

54. The foregoing conduct of Defendant individually, or by and through their officers, directors and/or managing agents, was intended by the Defendant to cause injury to the Plaintiff or was despicable conduct carried on by the Defendant with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant.

55. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**THIRD CAUSE OF ACTION**

**FOR HARASSMENT**

**IN VIOLATION OF GOV'T CODE §12940 ET SEQ.**

*[Against All Defendants]*

56. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

57. As such term is used under FEHA, “on the bases enumerated in this part” means or refers to harassment on the bases of one or more of the protected characteristics under FEHA.

58. These laws set forth in the preceding paragraph require Defendants to refrain from harassing, or creating, or maintaining a hostile work environment against an employee based upon the employee’s gender/sex/pregnancy, as set forth hereinabove.

59. Defendants’ harassing conduct was severe or pervasive, was unwelcome by Plaintiff, and a reasonable person in Plaintiff’s circumstances would have considered the work environment to be hostile or abusive.

60. Defendants violated the FEHA and the public policy of the State of California which is embodied in the FEHA by creating a hostile work environment and harassing Plaintiff because of Plaintiff’s gender/sex/pregnancy, and/or some combination of these protected characteristics, as set forth hereinabove.

61. The above said acts were perpetrated upon Plaintiff by a supervisor, and/or Defendants knew or should have known of the conduct but failed to take immediate and appropriate corrective action.

62. The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California. Such violations were a proximate cause in Plaintiff’s damage as stated below.

63. The damage allegations of Paragraphs 29 through 33, inclusive, are herein

incorporated by reference.

64. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

65. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FOURTH CAUSE OF ACTION**

**FOR RETALIATION**

**IN VIOLATION OF GOV'T CODE §12940 ET SEQ.**

*[Against KOHL'S, INC. and DOES 1 through 20 inclusive]*

66. At all times hereto, the FEHA was in full force and effect and was binding upon Defendant(s).

67. These laws set forth in the preceding paragraph require Defendant(s) to refrain from retaliating against an employee for engaging in protected activity.

68. Plaintiff engaged in the protected activities of requesting accommodation, requesting an interactive process, requesting medical leave, and complaining about and

protesting Defendant(s)' discriminatory, retaliatory, and harassing conduct towards Plaintiff based upon Plaintiff's sex/gender/pregnancy/disability.

69. Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

70. Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting an interactive process, requesting medical leave, and complaining about and protesting Defendant(s)' discriminatory, retaliatory, and harassing conduct towards Plaintiff based upon Plaintiff's sex/gender/pregnancy/disability, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

71. Defendant(s) violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

72. Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendant(s) were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant(s) and the other Managers.

73. The above said acts of Defendant(s) constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

74. The damage allegations of Paragraphs 29 through 33, inclusive, are herein incorporated by reference.

75. The foregoing conduct of Defendant(s) individually, or by and through their officers, directors and/or managing agents, was intended by the Defendant(s) to cause injury to the Plaintiff or was despicable conduct carried on by the Defendant(s) with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant(s).

76. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION**

**IN VIOLATION OF GOV'T CODE §12940(k)**

*[Against KOHL'S, INC. and DOES 1 through 20 inclusive]*

77. At all times hereto, the FEHA, including in particular Government Code

§12940(k), was in full force and effect and was binding upon Defendant(s). This subsection imposes a duty on Defendant(s) to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring. As alleged above, Defendant(s) violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment and retaliation from occurring.

78. The above said acts of Defendant(s) constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

79. The damage allegations of Paragraphs 29 through 33, inclusive, are herein incorporated by reference.

80. The foregoing conduct of Defendant(s) individually, or by and through their officers, directors and/or managing agents, was intended by the Defendant(s) to cause injury to the Plaintiff or was despicable conduct carried on by the Defendant(s) with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant(s).

81. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SIXTH CAUSE OF ACTION**

**FOR RETALIATION AND/OR UNLAWFUL DENIAL OF LEAVE**

**IN VIOLATION OF CFRA GOV'T CODE §12945.2 ET SEQ.**

*[Against KOHL'S, INC. and DOES 1 through 20 inclusive]*

82. At all times hereto, the California Family Rights Act, codified by Government Code §§12945.2, et al. ("CFRA") was in full force and effect and was binding upon Defendant(s) and each of them. Under the CFRA, it shall be an unlawful employment practice for any covered employer to refuse to grant a request by any qualified employee to take up to a total of 12 workweeks in any 12-month period for family care and medical leave for the employee's own serious medical condition. Under the CFRA, it is also an unlawful employment practice for a covered employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because the individual has exercised or attempted to exercise his or her right to take protected family care and medical leave under the CFRA. Under the CFRA, it is also an unlawful employment practice for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the CFRA.

83. At all times hereto, Plaintiff was an employee eligible for CFRA leave. At all times hereto, Plaintiff had been employed by Defendant(s) for more than 12 months and had worked at least 1250 hours during the previous 12 months. Further, Defendant(s) employed at least 50 employees within 75 miles of the worksite at which

Plaintiff worked.

84. Defendant(s) violated the CFRA by failing and/or refusing to provide Plaintiff with the family care and medical leave that Plaintiff requested.

85. Defendant(s) violated the CFRA by retaliating against Plaintiff for exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA.

86. Defendant(s) violated the CFRA by interfering with or restraining Plaintiff from exercising or attempting to exercise Plaintiff's right to protected medical leave under the CFRA, by failing to give Plaintiff notice of Plaintiff's rights under the CFRA, including the right to take protected leave.

87. Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to accommodate, and termination.

88. Plaintiff is informed and believes that exercising or attempting to exercise Plaintiff's right to medical leave was a motivating reason and/or factor in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

89. The above said acts of Defendant(s) constitute violations of the CFRA and were a proximate cause in Plaintiff's damage as stated below.

90. The damage allegations of Paragraphs 29 through 33, inclusive, are herein incorporated by reference.

91. The foregoing conduct of Defendant(s) individually, or by and through

their officers, directors and/or managing agents, was intended by the Defendant(s) to cause injury to the Plaintiff or was despicable conduct carried on by the Defendant(s) with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant(s).

92. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**SEVENTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**

**IN VIOLATION OF GOV'T CODE §12940 ET SEQ.**

*[Against KOHL'S, INC. and DOES 1 through 20 inclusive]*

93. At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendant(s). This subsection imposes an ongoing duty on Defendant(s)to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

94. At all relevant times, Plaintiff was a member of a protected class within the meaning of Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical

condition of which Defendant(s) had both actual and constructive knowledge.

95. At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendant(s), have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability or medical condition, real or perceived by Defendant(s), would not have imposed an undue hardship on Defendant(s). Defendant(s) failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant(s) contend Plaintiff was never terminated, through the present and ongoing.

96. The above said acts of Defendant(s) constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

97. The damage allegations of Paragraphs 29 through 33, inclusive, are herein incorporated by reference.

98. The foregoing conduct of Defendant(s) individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendant(s) to cause injury to the Plaintiff or was despicable conduct carried on by the Defendant(s)

with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant(s).

99. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**EIGHTH CAUSE OF ACTION**

**FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**

**IN VIOLATION OF GOV'T CODE §12940 ET SEQ.**

*[Against KOHL'S, INC. and DOES 1 through 20 inclusive]*

100. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 33, inclusive, as though set forth in full herein.

101. At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendant(s). This subsection imposes an ongoing duty on Defendant(s) to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

102. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendant(s) had both actual and constructive knowledge.

103. Plaintiff reported the disability to Defendant(s) and requested accommodation, triggering Defendant(s)' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendant(s) failed and refused to do so. Thereafter, despite Defendant(s) continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition and Plaintiff's desire to continue working in some capacity, Defendant(s) failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendant(s) violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant(s) contends Plaintiff was never terminated, through the present and ongoing.

104. The above said acts of Defendant(s) constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

105. The damage allegations of Paragraphs 29 through 33, inclusive, are herein incorporated by reference.

106. The foregoing conduct of Defendant(s) individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendant(s) to

cause injury to the Plaintiff or was despicable conduct carried on by the Defendant(s) with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant(s).

107. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**NINTH CAUSE OF ACTION FOR**

**CALIFORNIA PREGNANCY DISABILITY LEAVE LAW**

**IN VIOLATION OF GOV'T CODE §12945**

*[Against KOHL'S, INC. and DOES 1 through 20 inclusive]*

108. At all times hereto, the California Pregnancy Disability Leave Law ("PDLL"), codified by Government Code §12945 Cal. Code Regs., tit. 2, § 11035, et seq, was in full force and effect and was binding upon Defendant(s). Under the PDLL, all employers must provide a leave of up to four months, as needed, for the period of time an employee is actually disabled because of pregnancy, even if an employer has a policy or practice that provides less than four months of leave for other similarly situated, temporarily disabled employees. Pregnancy disability leave does not need to be taken in one continuous period of time. An employer is required to give its employees reasonable

advance notice of employees' FEHA rights and obligations regarding pregnancy, childbirth, or related medical conditions, including the right to intermittent leave. An employer is also required to give an employee a copy of the appropriate notice as soon as practicable after the employee tells the employer of her pregnancy or sooner if the employee inquires about reasonable accommodation, transfer, or pregnancy disability leaves.

109. The PDLL makes it an unlawful employment practice for an employer:

a. to refuse to provide reasonable accommodation for an employee for a condition related to pregnancy, childbirth, or a related medical condition, if the employee so requests, with the advice of the employee's health care provider;

b. to refuse to temporarily transfer a pregnant employee to a less strenuous or hazardous position for the duration of the pregnancy if the employee so requests, with the advice of the employee's physician, where that transfer can be reasonably accommodated;

c. to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under the PDLL.

110. Further, because the PDLL is part of the FEHA, Government Code §12940(h) makes it unlawful for an employer to refuse to hire, select for a training program or promote, and may not discharge, discriminate or retaliate against, an employee because of pregnancy (or perceived pregnancy, breastfeeding or related

medical conditions).

111. Defendant(s) violated the PDLL by interfering with or restraining Plaintiff from exercising or attempting to exercise Plaintiff's right to protected leave, including intermittent leave, under the PDLL, by failing to give Plaintiff notice of Plaintiff's rights under the PDLL, including the right to take protected leave and/or intermittent leave.

112. Defendant(s) violated the PDLL by refusing to provide accommodation to Plaintiff for her pregnancy-related condition, made at the request of her health care provider, refused to temporarily transfer Plaintiff to a less strenuous position, with the advice of her physician, and instead terminated Plaintiff's employment.

113. Defendant(s) violated the PDLL by terminating Plaintiff's employment for having exercised the right to take protected PDLL leave.

114. The above said acts of Defendants constitute violations of PDLL and were a proximate cause in Plaintiff's damage as stated below.

115. The damage allegations of Paragraphs 29 through 33, inclusive, are herein incorporated by reference.

116. The foregoing conduct of Defendant(s) individually, or by and through their managing agents, was intended by the Defendant(s) to cause injury to the Plaintiff or was despicable conduct carried on by the Defendant(s) with a willful and conscious disregard of the right of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud

under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant(s).

117. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**TENTH CAUSE OF ACTION FOR**

**WRONGFUL TERMINATION**

**IN VIOLATION OF PUBLIC POLICY**

*[Against KOHL'S, INC. and DOES 1 through 20 inclusive]*

118. At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendant(s). This law requires Defendant(s) to refrain, among other things, from discriminating against any employee on the basis of pregnancy disability and gender. At all times mentioned in this complaint, Article I, Section 8 of the California Constitution was in full force and effect and binding on Defendant. This law requires Defendant to refrain from disqualifying a person from pursuing employment on the basis of race, color, national origin, or sex.

119. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendant cannot discriminate and/or retaliate against any employee on the basis of pregnancy disability and gender.

120. Plaintiff believes and thereon alleges that Plaintiff's pregnancy disability and gender, and/or some combination thereof, were factors in Defendant's conduct as

alleged hereinabove.

121. Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of pregnancy disability and gender, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

122. The above said acts of Defendant constitute violations of the Government Code, and the public policy of the State of California embodied therein as set forth above. Defendant violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

123. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendant cannot discriminate and/or retaliate against any employee on the basis of pregnancy disability and gender.

124. Plaintiff is informed and believes, and based thereupon alleges, that pregnancy disability and gender was a proximate cause in Plaintiff's damages as stated below.

125. The damage allegations of Paragraphs 29 through 33, inclusive, are herein incorporated by reference.

126. The foregoing conduct of Defendant individually, or by and through their officers, directors and/or managing agents, was intended by the Defendant to cause injury to the Plaintiff or was despicable conduct carried on by the Defendant with a

willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

127. For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

128. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

129. For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

130. For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

131. For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

132. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

133. For post-judgment interest; and

134. For any other relief that is just and proper.

DATED: April 21, 2025

**WILSHIRE LAW FIRM, PLC**

By: Kristen M. Tojo

Nicol Hajjar, Esq.
Kristen M. Tojo, Esq.
Attorneys for Plaintiff
MARIBEL HERNANDEZ

///

///

///

**JURY TRIAL DEMANDED**

Plaintiff demands trial of all issues by jury.

DATED: April 21, 2025

**WILSHIRE LAW FIRM, PLC**

By: Kristen M. Tojo

Nicol Hajjar, Esq.
Kristen M. Tojo, Esq.
Attorneys for Plaintiff
MARIBEL HERNANDEZ