UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 25-813-KK-DTBx** | Date: | June 9, 2025 |
| Title: | *Maribel Hernandez v. Kohl's, Inc. et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order GRANTING Plaintiff's Motion to Remand [Dkt. 26]

## I.
## INTRODUCTION

On April 21, 2025, plaintiff Maribel Hernandez ("Plaintiff") filed the operative First Amended Complaint ("FAC") against defendants Kohl's Inc. ("Kohl's"), Mayra Bravo ("Bravo") and Does 1-20 (collectively, "Defendants") alleging various claims related to Plaintiff's prior employment with defendant Kohl's, including discrimination, harassment, retaliation, failure to provide reasonable accommodation, and wrongful termination. ECF Docket No. ("Dkt.") 21. On April 24, 2025, Plaintiff filed the instant Motion to Remand ("Motion"). Dkt. 26, Mot.

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## II.
## BACKGROUND

**A.   PROCEDURAL HISTORY**

On January 23, 2025, Plaintiff initiated this action in San Bernardino County Superior Court, alleging various claims of employment discrimination, harassment, retaliation, and wrongful termination under California state laws and retaliation under the Family and Medical Leave Act. Dkt. 1-5.

On April 2, 2025, defendant Kohl's removed the action to this Court, asserting diversity and federal question jurisdiction.  Dkt. 1.

On April 21, 2025, Plaintiff filed the FAC raising the following causes of action:

1. **Cause of Action One:** Discrimination on the basis of disability in violation of California Government Code Section 12940 against defendant Kohl's and Does;
2. **Cause of Action Two:** Discrimination on the basis of gender in violation of California Government Code Section 12940 against defendant Kohl's and Does;
3. **Cause of Action Three:** Harassment in violation of California Government Code Section 12940 against Defendants and Does;
4. **Cause of Action Four:** Retaliation in violation of California Government Code Section 12940 against defendant Kohl's and Does;
5. **Cause of Action Five:** Failure to prevent discrimination, harassment, and retaliation in violation of California Government Code Section 12940(k) against defendant Kohl's and Does;
6. **Cause of Action Six:** Retaliation and/or unlawful denial of leave in violation of the California Family Rights Act, California Government Code Section 12945.2 against defendant Kohl's and Does;
7. **Cause of Action Seven:** Failure to provide reasonable accommodations in violation of California Government Code Section 12940 against defendant Kohl's and Does;
8. **Cause of Action Eight:**  Failure to engage in a good faith interactive process in violation of California Government Code Section 12940 against defendant Kohl's and Does;
9. **Cause of Action Nine:** Violation of the California Pregnancy Disability Leave Law, California Government Code Section 12945 against defendant Kohl's and Does; and
10. **Cause of Action Ten:** Wrongful termination against defendant Kohl's and Does.

FAC at 11-31.

On April 24, 2025, Plaintiff filed the instant Motion arguing defendant Bravo was properly joined because the cause of action raised against defendant Bravo – Cause of Action Three, harassment – is sufficiently alleged.  Plaintiff, thus, argues remand is mandated because Plaintiff and defendant Bravo are both citizens of California, and complete diversity does not exist.  Mot.

On May 8, 2025, Defendants filed an Opposition to the Motion, arguing Plaintiff cannot state a claim for harassment against defendant Bravo.  Dkt. 31.  In support of the Opposition, Defendants filed a declaration by defendant Bravo.  Dkt. 31-1, Declaration of Maya Bravo ("Bravo Decl.").

On May 15, 2025, Plaintiff filed a Reply.  Dkt. 35.  In support of the Reply, Plaintiff filed a declaration.   Dkt. 35-1, Declaration of Maribel Hernandez ("Hernandez Decl.").

///

This matter, thus, stands submitted.[1]

**B.     RELEVANT FACTS**

As alleged in the FAC, in November 2019, defendant Kohl's hired Plaintiff.  FAC ¶ 12.  Plaintiff "performed her job duties satisfactorily until her wrongful termination on or about January 23, 2024."  Id.

In August 2023, Plaintiff learned she was pregnant and provided "medical documentation" to defendant Kohl's in September 2023.  Id. ¶¶ 13-14.  On November 6, 2023, Plaintiff "received an updated doctor's note providing further work restrictions for the safety of her and her baby."  Id. ¶ 15.  That same month, defendant Bravo placed Plaintiff "in departments with heavy lifting in direct violation of her medical restrictions including requiring her to lift over 50 pounds while pregnant, a significant risk to Plaintiff and her baby."  Id. ¶ 16.  Throughout this time, defendant Kohl's failed to provide reasonable accommodations or engage in an interactive process.  Id. ¶¶ 13-16

On an unspecified date, Plaintiff was transferred "to a department where her job duties included training new hires and lifting lighter items."  Id. ¶ 18.  However, "[a]fter a few weeks, Plaintiff was reassigned to departments with heavy lifting in violation of her updated work restrictions."  Id. ¶ 19.  "Plaintiff reminded her supervisors, including defendant Bravo, of her work restrictions[,] however Defendants continued to require Plaintiff to work in departments in violation of her work restrictions."  Id. ¶ 19.

In December 2023, Plaintiff was placed "off work" after being hit in the stomach by a cart, requiring her to go "to the emergency room because of her high risk pregnancy."  Id. ¶¶ 20-21.

Plaintiff returned to work in late December or early January 2024 and was assigned to "a department with very heavy items in blatant violation of her work restrictions."  Id. ¶ 22.  Plaintiff "constantly requested [Defendants] to switch her to a role that accommodated her work restrictions, but they continued to fail to provide reasonable accommodation nor engage in an interactive process."  Id. ¶ 23.

Plaintiff alleges defendant Bravo would become "angry and annoyed about [Plaintiff's] requests for accommodations" due to her pregnancy.  Id. ¶ 24.  Defendant Bravo would place Plaintiff "in the heaviest departments when [Plaintiff] requested to be placed on lighter duty due to her pregnancy."  Id. ¶ 24.  Plaintiff alleges she "noticed a trend that she was placed in the heaviest departments while [defendant Bravo] was on duty."  FAC ¶ 24.

On January 23, 2024, defendant Kohl's notified Plaintiff she had exceeded her "Unexpected Absence" ("UA") hours, even though Plaintiff claims she had absences due to her pregnancy "that were approved by managers, including [defendant Bravo.]"  FAC ¶ 25.  On the same day, Plaintiff

---

[1] The Court is in receipt of Defendants' ex parte application for leave to file sur-reply ("Application").  Dkt. 36.  However, the Court need not consider "new evidence" allegedly raised for the first time in Plaintiff's Reply to rule on Plaintiff's Motion.  Therefore, Defendants' Application is **DENIED**.

"called HR to inform [defendant Kohl's] they made an error regarding her UA hours [as] she was out due to" her pregnancy.  Id. ¶ 25.  Defendant Kohl's then terminated Plaintiff.  Id.

## III.
## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties, and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

Complete diversity requires "each plaintiff must be of a different citizenship from each defendant."  Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).  However, a district court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  Id.; Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) ("[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'").

There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009).  Under the second theory of fraudulent joinder, "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," then "the defendant's presence in the lawsuit is ignored for purposes of determining diversity[.]"  Morris, 236 F.3d at 1067.  However, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  Hunter, 582 F.3d at 1046 (internal quotation marks and citation omitted).  "Remand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'"  Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT & T Wireless, Inc., No. C-06-02904-JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

The standard for evaluating fraudulent joinder "is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction."  Grancare, LLC, 889 F.3d at 549 (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).  "[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent" because "[a] claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."  Id.; Padilla, 697 F. Supp. 2d at 1159 ("[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant.").

In addition, "[f]raudulent joinder must be proven by clear and convincing evidence."  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).  Ultimately,

there is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566.

## IV.
## DEFENDANTS FAIL TO MEET THEIR BURDEN TO ESTABLISH THERE IS NO POSSIBILITY PLAINTIFF COULD ALLEGE A FEHA HARASSMENT CLAIM

### A.   APPLICABLE LAW

Under FEHA, an employee is "personally liable for any harassment" they perpetrate against another employee. Cal. Gov't Code § 12940(j)(3). To state a claim for harassment under FEHA, a plaintiff must allege facts demonstrating that workplace harassment was "severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees." Hughes v. Pair, 46 Cal. 4th 1035, 1043 (2009) (quoting Miller v. Dep't of Corr., 36 Cal. 4th 446, 462 (2005)). Harassment "can take the form of discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Rehmani v. Superior Court, 204 Cal. App. 4th 945, 951 (2012) (quotation marks and citations omitted). Additionally, "harassing conduct takes place outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." Id.

### B.   ANALYSIS

Here, Defendants have not established by clear and convincing evidence that defendant Bravo is fraudulently joined.

Plaintiff alleges that after notifying Defendants of her pregnancy, she was subjected to repeated acts of harassment. Regarding defendant Bravo, Plaintiff alleges the harassment was motivated by discriminatory animus. Plaintiff provides several examples of purportedly harassing conduct. Specifically, Plaintiff alleges defendant Bravo, even after being advised of Plaintiff's pregnancy, preventing Plaintiff from being able to lift over 50 pounds, continually and against Plaintiff's medical restrictions, placed Plaintiff in "heavy-lift" departments – compromising the safety of Plaintiff and her unborn child. FAC ¶¶ 16, 22-24. Plaintiff would ask defendant Bravo for safer placements that required less lifting, and defendant Bravo would "become angry and annoyed" about Plaintiff's requests. Id. ¶ 24. To underscore defendant Bravo's animus, Plaintiff alleges she "noticed a trend that [Plaintiff] was placed in the heaviest department while [defendant Bravo] was on duty." Id. Taken together, the Court finds Plaintiff's allegations are not "wholly insubstantial and frivolous." Bell, 327 U.S. at 682-83.

Defendants argue Plaintiff's allegations cannot support a FEHA harassment claim because defendant Bravo's actions relate to "quintessential personnel management action," which is conduct that cannot be deemed harassment. See Janken v. GM Hughes Elecs., 46 Cal. App. 4th 55, 63, (1996) ("Harassment is not conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job."). The Court does not agree. Plaintiff's allegations against defendant Bravo reach beyond the necessary management of Plaintiff and could support a finding that defendant Bravo engaged in the alleged conduct "because of meanness or bigotry, or for other personal motives," Rehmani, 204 Cal. App. 4th at 951; Christ v. Staples, Inc.,

No. CV 14-07784 MMM JEMx, 2015 WL 248075, at *7 (C.D. Cal. Jan. 20, 2015) (quoting Dagley v. Target Corp., No. CV 09-1330-VBF-AGRx, 2009 WL 910558, at *3 (C.D. Cal. Mar. 31, 2009)) ("If a plaintiff alleges conduct . . . such as violating a fundamental interest of the employee . . . in a deceptive manner that results in the plaintiff being denied rights granted to other employees . . . then the plaintiff has alleged behavior beyond a simple pleading of personnel management activity[.]").

Defendants also argue Plaintiff worked in the same department before and after becoming pregnant, and that defendant Bravo allowed Plaintiff to perform "light work" such as "picking or sorting." Opp. at 16; Bravo Declaration ¶¶ 4-7. Further, Defendants argue Plaintiff "did not report any concerns regarding her assignments, lifting heavy items, or her work restrictions." Opp. at 17. Contrary to Defendants' argument, these allegations do not identify any discrete and undisputed facts that would foreclose Plaintiff's claim as a matter of law, nor establish Plaintiff's inability to state a claim against defendant Bravo.[2] Hunter, 582 F.3d at 1044-46 ("We have declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry in the merits of plaintiff's case, even if that defense, if successful, would prove fatal."). Defendants essentially seek a finding on the merits, which is simply not required or appropriate at this stage. Grancare, LLC, 889 F.3d at 552 (holding defendant failed to establish fraudulent joinder because their "arguments go to the sufficiency of the complaint, rather than to the possible viability of the . . . claims").

Ultimately, Defendants have not shown by clear and convincing evidence that "there is absolutely no possibility" Plaintiff can state a harassment claim against defendant Bravo. Hunter, 582 F.3d at 1044 (remand is proper unless defendants can show the claim fails as a matter of law or can point to "undisputed facts that would preclude plaintiff's recovery against the in-state defendant"). The Court must, therefore, consider defendant Bravo's citizenship in determining whether diversity jurisdiction exists.

Neither party disputes that Plaintiff and defendant Bravo are both citizens of California. Mot. at 26. Consequently, complete diversity is lacking. Additionally, Plaintiff has eliminated all federal causes of action, leaving only state causes of action against Defendants. See FAC. Accordingly, the Court must remand the case to the San Bernardino County Superior Court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## V.
## CONCLUSION

---

[2] In fact, while the Court declines to consider the information in Plaintiff's declaration filed in support of the Reply, the additional allegations set forth by Plaintiff further allege an incident where she approached defendant Bravo for a reassignment and defendant Bravo "ignored [Plaintiff] until another manager who was sitting next to [defendant Bravo] at the table acknowledged [Plaintiff's] presence and asked [Plaintiff if she needed] help." Hernandez Decl. ¶ 5. Plaintiff also alleges defendant Bravo often, and without complaint, reassigned another employee with non-pregnancy-related lifting restrictions to light-lift departments, demonstrating differential treatment. Id.

For the reasons set forth above, Plaintiff's Motion to Remand is **GRANTED**, and the matter shall be **REMANDED** to state court.  Accordingly, Defendants' Motion to Dismiss is **DENIED AS MOOT**.  (JS-6)

**IT IS SO ORDERED**.